**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM:** |
| **Parte Demandante** | |
| v. | |
| **SERITAGE KMT FINANCE LLC; CARIBBEAN RETAIL VENTURES, INC.; FULANOS DE TAL 1-100** | **SOBRE: PETICIÓN DE ORDEN; DAÑOS** |
| **Parte Demandada** | |

**DEMANDA**

**AL HONORABLE TRIBUNAL:**

Comparece la parte demandante, Faustino Xavier Betancourt Colón (en adelante, "Parte Demandante" o "Betancourt Colón"), a través de la representación legal que suscribe, y solicita un interdicto permanente al amparo de 42 U.S.C. § 12188 debido al incumplimiento del dueño de la Propiedad **SERITAGE KMT FINANCE LLC; CARIBBEAN RETAIL VENTURES, INC.** h/n/c AllWays 99; **FULANOS DE TAL 1-100** (en delante de manera individual por su nombre o de manera conjunta "Parte Demandada" con las disposiciones del Título III de la ley federal conocida como American with Disabilities Act, 42 U.S.C. § 12181 et seq. (en adelante nos referimos al estatuto federal como "Ley ADA")[1].

**EL LUGAR DE ACOMÓDO PÚBLICO EN CUESTIÓN**

1.      Esta es una acción que busca remediar la discriminación ilegal en un lugar de **acomodo público**[2] establecido y conocido en el lugar que se menciona a continuación:

---

[1] El Título III de la Ley ADA obliga a todas las entidades privadas y facilidades comerciales que brindan servicios al público. La obligación impuesta por el Título III consiste en no discriminar en el ofrecimiento de dichos servicios hacia las personas con impedimentos en el disfrute igual y pleno de los bienes, servicios y facilidades, privilegios, ventajas o acomodos en cualquier lugar de acomodo público. El enlace oficial del gobierno de los Estados Unidos con información sobre Titulo III de Ley ADA es: http://www.ada.gov/

[2] El término "public accommodation" o lugar de acomodo público, 42 U.S.C. 12181(7), se define como entidades privadas cuyas operaciones afectan el comercio y específicamente se mencionan los siguientes lugares a modo de ejemplificar lo que es un lugar de acomodo público: hoteles, moteles, hospederías, restaurantes, barras, otros establecimientos que sirvan comida o bebidas, cines, teatros, salas de conciertos y presentaciones, estadios, lugares para exhibiciones o entretenimiento, auditorios, centros de convenciones, salas de presentaciones, lugares de congregación, panaderías, tienda de comestibles, tiendas de ropa, tiendas de herramientas, centros comerciales, otros establecimientos de ventas o renta, lugares de lavado ("laundromat"), secado (dry-cleaning), bancos, barberías, salones de belleza, agencias de viaje, servicios de reparación de zapatos, funerarias, estaciones de gasolina, oficina de un contable o abogado, farmacias, oficinas

**PLAZA GUAYNABO**
DIRECCIÓN: Ave. Martínez Nadal Km. 3.4 esq. Ave Esmeralda, Guaynabo, 00969, Puerto Rico
COORDENADAS: 18.370423036805324, -66.10985613380443
TELÉFONO: (787) 727 7137

**ALLWAYS 99**
DIRECCIÓN: Ave. Martínez Nadal Km. 3.4 esq. Ave Esmeralda, Guaynabo, 00969, Puerto Rico
COORDENADAS: 18.370678861420437, -66.10983869944582
TELÉFONO: (787) 272 2800

(en adelante, nos referiremos a este lugar de manera individual por su nombre o de manera conjunta como "la Propiedad" o el "lugar de acomodo público").

## NECESIDAD DE LA ACCIÓN

2.      Esta demanda es necesaria por lo siguiente:

   a) El codemandado Seritage KMT Finance LLC es el dueño de la Propiedad donde opera el centro comercial Plaza Guaynabo, en este lugar operan varios acomodos públicos que ofrecen servicios de ventas de productos para el hogar y la canasta familiar, restaurantes, cafeterías y otros.  Por todo lo cual Seritage KMT Finance LLC tiene la obligación y el poder de configurar la Propiedad de manera accesible.

   b) El codemandado Caribbean Retail Ventures, INC., opera el supermercado Allways 99 ubicado en Plaza Guaynabo y el señor Faustino Betancourt es visitante frecuente para comprar los productos que se comercializan en el supermercado Allways 99. En consecuencia, Allways 99 tiene la responsabilidad de mantener la propiedad donde opera en condiciones operables, con el fin de que se accesible para todos sus visitantes, incluyendo las personas en condición de discapacidad.

   c) El señor Faustino Betancourt es consumidor de los bienes y servicios ofrecidos por Always 99. Por lo cual es visitante regular de la Propiedad con el fin de acceder a los servicios que se ofrecen en la propiedad. Durante sus visitas se moviliza por el estacionamiento, luego utiliza la ruta de acceso para personas en condición de discapacidad, ya que se moviliza en silla de ruedas.

---

de seguros, oficina de profesionales de la salud, hospitales, otros establecimiento de servicios, un terminal o estación utilizado para transportación pública, museos, librerías, galerías, otros lugares donde haya exhibiciones públicas o colecciones, parques, zoológicos, parques de diversión y otros lugares de recreación, centro de cuido de infantes ("nursery"), escuelas elementales, secundarias, universidades, o escuelas post-graduadas privadas o cualquier otro lugar se provea educación, centro de cuido de niños, centro de cuido de "seniors", refugios de personas sin hogar, lugares donde se da comida, agencias de adopción, o cualquier otro establecimiento donde se dan servicios sociales, gimnasios, spas de salud, boleras, lugares de golf y otros lugares de ejercicio y recreación.

2

d) La Parte demandada no procuró la eliminación de barreras arquitectónicas en el estacionamiento, en la ruta de acceso y en el interior de la Propiedad.

e) La Parte Demandada mantiene en el lugar de acomodo público conocido comercialmente como supermercado Always 99, barreras arquitectónicas en violación de la ADA y a las Guías de Diseño Accesible promulgadas por el Departamento de Justicia de los Estados Unidos, las cuales puede ser accedidas a través del siguiente enlace oficial: https://www.ada.gov/2010ADAstandards_index.htm

f) El señor Faustino Betancourt visitó el supermercado Always 99 ubicado dentro de plaza Guaynabo y allí encontró personalmente barreras arquitectónicas en el estacionamiento, ruta de acceso e interior de la Propiedad, dichas barreras se relacionan con su discapacidad. A modo de ejemplo los counter del interior de la Propiedad tienen una altura mayor a 36" de altura, lo cual dificulta al señor Faustino Betancourt para el acceso a los productos, viéndose obligado a estirar su cuerpo desde la silla de ruedas para alcanzar los productos, siendo este un movimiento peligroso porque su silla se podría girar y caer poniendo en riesgo su vida o en su defecto pedir asistencia a otra persona que le ayude a acceder de los productos, pero esta situación es humillante.

g) El señor Faustino Betancourt se (i) encuentra en inminente riesgo de encontrar las barreras arquitectónicas o (ii) sería fútil regresar al lugar de acomodo público en este momento ya que constituiría un riesgo a la seguridad personal del señor Faustino Xavier Betancourt Colón o equivaldría a someterse a una condición o situación desagradable, humillante y discriminatoria;

h) El señor Faustino Betancourt tiene la intención presente de poder disfrutar los bienes, privilegios, servicios que están disponibles en el lugar de acomodo público una vez las barreras arquitectónicas sean removidas en su totalidad. Sin embargo, el señor Faustino Betancourt se reserva el derecho de regresar al lugar de acomodo público en cualquier momento antes de que se remuevan las barreras arquitectónicas, aunque ello represente someterse a condiciones peligrosas o discriminatorias, con el fin de buscar, identificar y denunciar el discrimen.

**LA PARTE DEMANDANTE**

3.     El señor Faustino Betancourt es una persona que sufre de una discapacidad física que limita sustancialmente varias de sus actividades cotidianas principales. **La discapacidad física es:**

insuficiencia cardiaca (congestive heart failure, 20% heart function), hidrocefalia, anormalidades del pie, obesidad. Estas condiciones o "impairments" limitan sustancialmente al señor Betancourt Colon, dicha discapacidad física limita sustancialmente (en comparación con la mayoría de la población) las siguientes actividades principales cotidianas o del diario vivir: caminar, estar de pie, levantar objetos, inclinarse, trabajar y otras que enciclopedias, diccionarios y tratados médicos autoritativos han relacionado con la discapacidad antes mencionada. De igual manera, el señor Faustino Xavier Betancourt Colón tiene un extenso historial médico sobre estas condiciones.

4.      El señor Faustino Betancourt tiene un "disability", según definido por la Ley ADA. 42 U.S.C. § 12102(1)(A).

5.      Como se mencionó, El Departamento de Transportación y Obras Públicas del Gobierno de Puerto Rico (DTOP) ha expedido para beneficio del señor Faustino Betancourt un rótulo removible de personas con impedimento físico, de modo que el señor Faustino Betancourt pueda utilizar el rótulo para estacionarse en estacionamientos identificados como accesibles o "de impedido".

## LA PARTE DEMANDADA

6.      La Parte Demandada está integrada por las siguientes personas naturales o jurídicas:

    i.      **SERITAGE KMT FINANCE LLC:** Esta persona jurídica identificada en el registro de corporaciones con el numero 353788, es dueño de la propiedad donde esta ubicado Plaza Guaynabo, por lo cual tiene responsabilidad y a su vez obligación de mantener la Propiedad en condiciones operables.

    ii.     **CARIBBEAN RETAIL VENTURES, INC.:** Esta persona jurídica identificada en el registro de corporaciones de Puerto Rico con el numero 109447 y se encarga de operar el supermercado Allways 99, que comercializa artículos para el hogar y que tiene la obligación por imperativo legal de mantener el interior de la Propiedad en condiciones operables.

    iii.    **FULANOS DE TAL 1-100.** Estas personas naturales o jurídicas desconocidas son titulares, arrendadores, arrendatarios y operadores de la Propiedad que se identifica en el primer párrafo de esta petición. Ya que la identidad de estos se desconoce en estos momentos, se enmendará la Petición a los fines de acumularlos a este procedimiento civil. En esta Petición, el término "Parte Demandante" incluye también a todos los demandados desconocidos identificados con el nombre ficticio "Fulano de Tal 1-100".

## JURISDICCIÓN Y COMPETENCIA

9.      De este procedimiento civil ser en removido al Tribunal de Distrito de los Estados Unidos, se invocada jurisdicción sobre la materia de conformidad con 28 U.S.C. §§ 1331 y 1343 (a)(3) y (a)(4) por violaciones de la ADA.

10.     El Tribunal de Primera Instancia tiene jurisdicción original para dilucidar controversias que surgen al amparo del Título III de la *American with Disabilities* Act.

11.     Esta acción civil ha sido presentada ante el foro judicial que ostenta la competencia toda vez que la Propiedad en controversia está ubicada en esta región judicial.

## HECHOS

12.     La Propiedad es un lugar de acomodo público según definido por la Ley ADA, 42 U.S.C. 12181(7) y es un lugar abierto al público y cuya operación afecta el comercio por su naturaleza de centro comercial. La Propiedad no es residencial, no es un club privado ni es una iglesia.

13.     El señor Faustino Betancourt es residente de Puerto Rico.  Su dirección es: RES Los Lirios, 11 Calle Teresa Jornet, Edificio 12, Apartamento 34, San Juan (Cupey), Puerto Rico. Su número de teléfono es: (787) 348-7280.

14.     El señor Faustino Betancourt y su familia son visitantes frecuentes de Plaza Guaynabo, ya que esta ubicado a 14 minutos de su vivienda en automóvil, además porque en el lugar se ofrecen varios servicios de interés del señor Faustino y su familia.

15.     El señor Faustino Betancourt visitó el supermercado Allways 99 para eso del 3 de mayo de 2022 y encontró barreras que interfirieron con la capacidad del señor Faustino Betancourt para usar y disfrutar los bienes, servicios, privilegios y acomodos ofrecidos en la Propiedad.

16.     Además, y de manera totalmente independiente a lo anterior, el señor Faustino Betancourt invoca legitimación como persona que tiene la intención de regresar a la Propiedad con el propósito expreso de buscar e identificar barreras arquitectónicas que haya en la Propiedad en el futuro. El fin de la búsqueda e identificación de las barreras arquitectónicas será con el fin de: (1) denunciar barreras adicionales que se encuentren en el futuro; (2) verificar el cumplimiento o no cumplimiento de cualquier orden que dicte este tribunal sobre eliminación de barreras arquitectónicas. Se alega afirmativamente la existencia de legitimación activa como *tester* de derechos civiles, según alegado en este párrafo, conforme a la norma vinculante en esta jurisdicción establecida en <u>Suarez-Torres v. Panadería y Repostería España, Inc.</u>, No. 18-1618 (1st

Cir. Feb. 17, 2021), donde se estableció que no es necesario que una persona con discapacidades

sea un "cliente bona fide" del lugar de acomodo público para tener standing para reclamar derechos

bajo ADA. Un *tester* de derechos civiles es una persona que tiene la intención especifica de buscar,

identificar y denunciar el discrimen, aunque ello represente someterse al discrimen o a condiciones

poco seguras.   En Suarez-Torres v. Panadería y Repostería España, Inc., el Primer Circuito

estableció inequívocamente la existencia de legitimación activa de *tester* al determinar:

> Panaderia España contends that, as testers, appellants are unable to establish an injury
> because their only motivation in visiting the bakery was to detect ADA violations.
>
> We have not previously addressed the impact of a plaintiff's status as a "tester" on her
> ability to establish standing under the ADA. However, the circuits that have considered
> this issue have uniformly concluded that an individual's "tester" status does not defeat
> standing. As the Eleventh Circuit explained in Houston v. Marod Supermarkets, Inc., the
> ADA guarantees the right of any individual to be free from "disability discrimination in the
> enjoyment of [public places of accommodation] regardless of [the individual's] motive for
> visiting the facility." 733 F.3d at 1332. Congress did not limit the protections of the ADA
> to "clients or customers" or otherwise impose a bona fide visitor requirement. Id. at 1332-
> 34 (contrasting 42 U.S.C. §§ 3604(a), and 12182(b)(1)(A)(iv), which do contain such
> requirements). Hence, such limitations should not be read into the ADA. Id. We agree with
> this analysis. **Accordingly, we conclude that appellants' status as testers does not
> defeat standing**.

Suarez-Torres v. Panadería y Repostería España, Inc., No. 18-1618 (1st Cir. Feb. 17, 2021) (citas

internas omitidas)(énfasis nuestro).

17.    En su capacidad de cliente bona fide, el señor Faustino Betancourt se ha sentido, y se siente

hoy en día, disuadido o desalentado de visitar la Propiedad porque tiene conocimiento de las barreras

ilegales que limitan e interfieren con su acceso a la Propiedad desde el estacionamiento, sus rutas

de acceso y el interior de la Propiedad. El señor Faustino Betancourt conoce los bienes y servicios

ofrecidos en la Propiedad, y regresará a la Propiedad una vez que se eliminan las barreras.  El señor

Faustino Betancourt sabe que sería inútil enfrentar estas barreras porque enfrentarlas equivale a

someterse a una situación humillante, discriminatoria y peligrosa. Todas las barreras aquí descritas

están directamente relacionadas con la discapacidad del señor Faustino Betancourt e interfieren su

completo y acceso igual acceso. No obstante, a pesar de sentirse disuadida, tiene la intención de

regresar para buscar, identificar y denunciar el discrimen que existe en esa Propiedad.

18.    A base de sus observaciones personales, y a base de su experiencia como persona con

limitaciones que ha visto cientos de lugares accesibles y no accesibles a través de su vida, el señor

Faustino Betancourt alega afirmativamente que existen las siguientes barreras arquitectónicas de

*diseño* en la Propiedad relacionadas a su discapacidad y sus limitaciones de movilidad:

**Acceso Desde Afuera de la Propiedad:**
**Estacionamiento, Ruta de Acceso y Entrada a la Propiedad.**

a)  En la ruta de acceso hacia la entrada accesible hay rampas cuya pendiente es muy inclinada de manera sustancialmente inconsistente con la reglamentación aplicable. ADAAG 1991 §§ 4.8.1, 4.8.2; ADAAG 2010 §§ 403.3 ("cross slope" y "running slope"). Esta barrera limita al señor Faustino Betancourt porque al movilizarse desde el supermercado hasta el estacionamiento se ve obligado a bajar por rampas con una inclinación mayor a la establecida por la ley aplicable, lo cual puede causar que el señor Faustino pierda el control de su silla de ruedas. Posible solución: reconfigurar para que la pendiente sea 1:20.

b)  En la ruta de acceso hay rampas en aceras ("curb ramps") cuya configuración y dimensiones son sustancialmente inconsistentes con los requisitos de la reglamentación aplicable. ADAAG 1991 §§ 4.7.1, 4.7.2, 4.7.2.3, 4.7.4, 4.7.5, 4.7.6, 4.7.9, 4.7.10; ADAAG 2010 §§ 402.2, 406.1, 405.2, 406.1, 405.3, 405.5, 406.4, 406.3). Esta barrera limita al señor Faustino Betancourt ya que al movilizarse desde el estacionamiento hasta el interior del supermercado, debe pasar por una rampa que tiene una configuración en la curva inconsistente y además se ubican carros de mercado en la rampa, lo que disminuye aun mas el espacio de la rampa para el giro. Posibles soluciones: modificar la rampa para ajustarla a los requisitos de la reglamentación. Esta barrera limita al señor Faustino Betancourt ya que al movilizarse desde el estacionamiento hasta el interior del supermercado, debe pasar por una rampa que tiene una configuración en la curva inconsistente y además se ubican carros de mercado en la rampa, lo que disminuye aun mas el espacio de la rampa para el giro.

**Acceso Adentro de la Propiedad: Acceso a Bienes y Servicios**

c)  Los pasillos, góndolas, filas o caminos --ya sea para mirar los productos, acceder áreas de servicios, áreas de venta o pago, o cada tipo de mostrador de servicio y venta-- no tienen un espacio de al menos 36" que permita la movilidad adecuada dentro de la Propiedad de manera sustancialmente inconsistente con la reglamentación aplicable. ADAAG 2010 § 403.5.1 (véase ilustración abajo). Esta barrera afecta al señor Faustino Betancourt porque en el supermercado en el pasillo de las flores, se ubican cajas con productos en el pasillo limitando aun mas la movilidad por el pasillo. Posibles soluciones: reubicar los objetos para hacer espacio. Véase por su valor persuasivo y referencias a los estándares aplicables el caso Lieber v. Macy's West, Inc., 80 F. Supp. 2d 1065 (N.D. Cal. 1999)(caso que discute

las normas aplicables a la ubicación de la mercancía y objetos dentro de la conocida tienda Macy's de Union Square en San Francisco, California. [3]  El propósito esencial de la reglamentación es que haya espacios disponibles para que las personas con discapacidades tengan igual oportunidad de moverse a través del local).

19.     Las barreras identificadas en el párrafo anterior son solo aquellas que el señor Faustino Betancourt  conoce personalmente a base de su experiencia y sentido común como persona con discapacidades, no a base de pruebas científicas o periciales.  La totalidad de las barreras existentes en la Propiedad, incluyendo las encontradas y otras no descubiertas al momento, son la causa del daño legal al señor Faustino Betancourt, es decir, la falta de acceso completo, libre y espontaneo a la Propiedad. Por esto, es la intención del señor Faustino Betancourt utilizar los mecanismos de descubrimiento de prueba para buscar, identificar y señalar todas aquellas barreras arquitectónicas relacionadas con la discapacidad del señor Faustino Betancourt para que el acceso a la Propiedad sea completo e igualitario.  Luego de identificadas las barreras, el señor Faustino Betancourt se propone solicitar al tribunal enmendar las alegaciones para conformar las mismas a la prueba descubierta sobre violaciones a la ADAAG ahora desconocidas.

20.     Los Demandados sabían, o debían saber, que la Propiedad era y es inaccesible; que las condiciones de la Propiedad violan la ley federal e interfieren (o niegan) el acceso a los discapacitados. Además, los Demandados tienen los recursos financieros para eliminar estas barreras de la Propiedad (sin mucha dificultad o gasto), y hacer que la Propiedad sea accesible para el señor Faustino Betancourt. Hasta la fecha, sin embargo, la Parte Demandada se niega a eliminar esas barreras.

21.     La Parte Demandada ha poseído y disfrutado de suficiente control y autoridad para modificar la Propiedad para eliminar barreras y cumplir con la reglamentación federal aplicable. La Parte Demandada no ha eliminado tales barreras y no ha modificado la Propiedad para cumplir con los estándares de accesibilidad aplicables. La Parte Demandada, de manera intencional, ha mantenido la Propiedad en su estado actual y se ha abstenido intencionalmente de alterar la Propiedad para que cumpla con los estándares de accesibilidad.

22.     El señor Faustino Betancourt alega afirmativamente que la presencia contínua de barreras

---

[3] La zona debe su nombre debido a que en su momento fue un punto de encuentro y apoyo para Ejército de la Unión durante la Guerra Civil. Hoy día la plaza está rodeada de tiendas por departamento y tiendas de regalo para los locales y miles de turistas que visitan el área de la bahía de San Francisco.

en la Propiedad es tan obvia y abierta que establece la intención discriminatoria de la Parte Demandada. La naturaleza de las desviaciones a los estándares federales no sugiere incumplimiento con la reglamentación debido a mera negligencia o un error humano. El incumplimiento existente es tan sustancial que es obvio para un observador casual de inteligencia promedio que no tiene pericia en los estándares de diseño accesible o que no tiene experiencia con barreras arquitectónicas por no tener una discapacidad. Es a base de esto que El señor Faustino Betancourt cree, y por tanto alega afirmativamente, que la intención discriminatoria incluye la negativa consciente y ponderada de no adherirse a normas de construcción relevantes; el menosprecio hacia los planos de construcción y permisos emitidos para la Propiedad; la decisión concienzuda de mantener el diseño arquitectónico (tal como existe actualmente) en la Propiedad; la decisión de no eliminar las barreras arquitectónicas mantenerla en estado de incumplimiento motivado por fines de lucro. Se alega afirmativamente que la Parte Demandada ha querido mantener una competencia desleal con sus competidores al no invertir dinero en cumplir con el mandato federal a pesar de que sus competidores si tienen que invertir en cumplimiento, lo que afecta a otros actores económicos. Las barreras arquitectónicas en la Propiedad no son interrupciones aisladas (o temporales) de acceso por mantenimiento o reparaciones.

23. Basado en el incumplimiento histórico de la Parte Demandados con la ADAAG, el señor Faustino Betancourt cree, y por lo tanto alega, que la Parte Demandada no tiene políticas, procedimientos o documentos internos en relación a esfuerzos de cumplimiento de ADA en la Propiedad.

**CAUSA DE ACCIÓN**
**American with Disabilities Act de 1990**

24. El señor Faustino Betancourt incorpora las alegaciones contenidas en los párrafos anteriores.

25. El Título III de la ley ADA dispone esencialmente que ningún individuo será tratado de manera desigual por razón de discapacidad en el pleno y equitativo disfrute (o uso) de bienes, servicios, instalaciones, privilegios y acomodos ofrecidos por cualquier persona ya sea titular, arrendador, arrendatario u operador de un lugar de acomodo público. 42 U.S.C. § 12182 (a).

26. La Parte Demandada discriminó contra del señor Faustino Betancourt al negarle un disfrute y acceso pleno e igual a los bienes, servicios, privilegios y acomodos de la Propiedad durante cada visita y cada ocasión en que la Parte Demandada decidió no visitar el lugar.

27. La Ley ADA establece diferentes estándares dependiendo de cuándo se construyó la

9

estructura física y si la instalación ha sido alterada desde el 26 de enero de 1992. 28 CFR §§ 36.401, 36.402. Las propiedades "existentes" antes del 26 de enero de 1992 tienen que eliminar las barreras de acceso de las personas con discapacidades cuando la eliminación sea "fácilmente alcanzable". 42 U.S.C. § 12182 (b) (2) (A) (iv); 28 CFR § 36.304. Estructuras diseñadas y construidas para ser ocupadas por primera vez después del 26 de enero de 1993 deben ser accesibles para personas con discapacidades a menos que la entidad pueda demostrar que es "estructuralmente poco práctico". 42 USC § 12183 (a). Finalmente, las alteraciones posteriores al 26 de enero, 1992 debe hacerse para garantizar que, en la "máxima extensión posible", las porciones alteradas de las instalaciones sean accesibles. 28 CFR § 36.402 (a) (1).

28.    Los estándares de diseño, ADAAG, se publicaron por primera vez en 1991 y están codificados en 28 CFR Parte 36, Apéndice A ("ADAAG de 1991"). Los más recientes estándares de diseño ADA fueron publicado por primera vez en 2010 y se codificaron en 28 CFR Parte 36, Subparte D (La ADAAG de 2010). Ambas normas están disponibles en www.ada.gov.  Todas las construcciones nuevas y modificaciones comenzadas el 15 de marzo de 2012 o después deben cumplir con la ADAAG de 2010.

29.    El señor Faustino Betancourt cree que la Propiedad fue diseñada para ser ocupada por primera vez después del 26 de enero de 1993. Ver 28 CFR § 36.401.

30.    El señor Faustino Betancourt cree que la Propiedad está ubicada en un lugar que fue construído después del 26 de enero de 1993. Ver 28 CFR § 36.401.

31.    El señor Faustino Betancourt cree que la Propiedad fue "alterada" luego del 26 de enero de 1993. El término "alterada" o "alteraciones" incluye, pero no se limita a, remodelación, renovación, rehabilitación, restauración histórica, cambios o reordenamiento en partes o elementos estructurales, cambios o reordenamiento en la configuración de paredes y cambios en los mostradores, mesas u objetos dentro de la Propiedad.

32.    En la alternativa, si la Propiedad no fue diseñada y construída para ser ocupada por primera vez después de 26 de enero de 1993, la Propiedad es una instalación existente en cuyo caso hay una obligación de eliminar barreras arquitectónicas que afectan a las personas con discapacidad en la medida que la eliminación sea "fácilmente alcanzable". 42 USC § 12182 (b) (2). La ley ADA establece que, al evaluar si la eliminación de barreras es "fácilmente alcanzable ", los factores a considerar incluyen los" recursos "de la instalación, 42 USC § 12181 (9) (b), que incluye "los recursos financieros generales de cualquier empresa matriz o entidad ", 28 CFR § 36.104. Si la

Parte Demandada sostiene que no tiene los recursos financieros a modo de defensa afirmativa para excusar su incumplimiento, la Parte Demandante no acepta dichos pretextos y se propone utilizar los mecanismos de descubrimiento de prueba conforme a 28 C.F.R. § 36.104.

## NO ELIMINAR LAS BARRERAS EN UNA INSTALACIÓN EXISTENTE

33.   La ADA prohíbe específicamente no eliminar las barreras arquitectónicas en instalaciones existentes cuando tal eliminación es fácilmente alcanzable. 42 USC § 12182 (b) (2) (A) (iv); 28 C.F.R. § 36.104.

34.   Cuando una entidad puede demostrar que la eliminación de una barrera no se puede lograr fácilmente, esa entidad tiene que procurar que los bienes, servicios, privilegios y acomodos se hagan disponibles mediante mecanismos alternos, si estos métodos son fácilmente alcanzables.   § 12182 (b) (2) (A) (v).

35.   Aquí, el señor Faustino Betancourt alega que la Parte Demandada puede eliminar fácilmente las barreras arquitectónicas en la Propiedad sin mucha dificultad o gasto, y que la Parte Demandada viola la ley ADA al no eliminar esas barreras, cuando fácilmente podía y puede hacerlo.

36.   En la alternativa, si no es "fácilmente alcanzable" para la Parte Demandada eliminar las barreras arquitectónicas, la Parte Demandada violó la ADA al no hacer disponibles sus servicios a través de métodos alternativos que fuesen fácilmente alcanzables.

## NO DISEÑAR Y CONSTRUIR
## UNA INSTALACIÓN ACCESIBLE

37.   La Propiedad fue diseñada y construída (o ambos) después del 26 de enero de 1992 - activando los requisitos de acceso bajo el Título III de la ADA y la reglamentación promulgada por el Departamento de Justicia de los Estados Unidos.

38.   La Parte Demandada violó la ley ADA al diseñar y construir (o ambos) la Propiedad en una manera que no era fácilmente accesible para el público con discapacidad física, incluída la Parte Demandada, cuando hacerlo era estructuralmente práctico.

## NO HACER ACCESIBLE UNA INSTALACIÓN ALTERADA

39.   El señor Faustino Betancourt cree, y por tanto alega afirmativamente, que la Propiedad ha sido alterada (según el término "alteración" es definido por §§ 202.1, §202.3, 202.4) después del 26 de enero de 1992.  28 CFR §36.403; 49 CFR §37.43.

40.   La ADA también requiere que las instalaciones se alteren de forma tal que sea fácilmente accesible para las personas con discapacidad en la medida máxima posible. 42 U.S.C. § 12183 (a)

(2).

41.    La Parte Demandada alteró la Propiedad de una manera que violó la ADA y que la hizo no fácilmente accesible al público con discapacidad física, incluyendo a el señor Faustino Betancourt.

## BARRERAS NO ESTRUCTURALES:
## POLÍTICAS Y PROCEDIMIENTOS

42.    La ley ADA también requiere hacer modificaciones razonables en las políticas, prácticas o procedimientos, cuando es necesario para dar igual acceso a los servicios, bienes, privilegios o acomodos a las personas con discapacidades, a menos que la entidad pueda demostrar que hacer tales modificaciones alterarían fundamentalmente su naturaleza. 42 USC § 12182 (b) (2) (A) (ii).

43.    Aquí, la Parte Demandada violó la ley ADA al no hacer modificaciones razonables en sus políticas, prácticas o procedimientos en la Propiedad, cuando estas modificaciones son necesarias para permitir (sin alterar fundamentalmente la naturaleza del lugar de acomodo público) el igual acceso a los bienes, servicios, instalaciones, o acomodos.

## SOLICITUD DE INTERDICTO PERMANENTE BAJO EL TITULO III DE LA ADA

44.    Como resultado de las barreras arquitectónicas descritas anteriormente en esta presente acción la Parte Demandante sufrió y continúa sufriendo humillación, angustia y menoscabo de su dignidad personal y derecho a vivir libre de discriminación o interferencia con sus derechos legales.

45.    La Parte Demandante tiene derecho a un remedio a un interdicto estatutario permanente de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 (a) que ordene a la Parte Demandada a que tome todos los pasos necesarios para eliminar las barreras arquitectónicas descritas anteriormente y para que sus instalaciones cumplan con los requisitos establecidos en la ADA y sus reglamentos de implementación, para que sus instalaciones sean totalmente accesibles a, y de forma independiente, por personas con movilidad limitada, y que además ordene que el tribunal retendrá jurisdicción por un período para supervisar que la Parte Demandada cumpla con los requisitos relevantes de la ADA y para asegurarse de que la Parte Demandada haya adoptado y siga una política institucional que de hecho haga que la Parte Demandada permanezca totalmente en cumplimiento con la ley.

46.    La Parte Demandante también tiene derecho a que en caso de que la Parte Demandada continúe su condición discriminatoria, pueda solicitar que se ordene el cierre y clausura de la Propiedad como medida para detener la condición discriminatoria hasta tanto la Parte Demandada haya acreditado de manera fehaciente a satisfacción del tribunal que se ha eliminado el discrimen;

47.      Conforme a 42 USC §§ 12205, la Parte Demandante tiene derecho a sus honorarios de abogado, gastos de litigio, costas y gastos de testigos periciales.

## REMEDIOS LEGALES SOLICITADOS

**POR TODO LO CUAL**, la Parte Demandante muy respetuosamente solicita los siguientes remedios legales:

A.  Una sentencia declaratoria disponiendo que la parte Demandada ha violado los requisitos del Título III de la ADA y la reglamentación de implementación relevante de la ADA; y que la Propiedad no es completamente accesible y utilizable de manera independiente para personas con movilidad limitada como la Parte Demandante;

B.  Un interdicto estatuario permanente de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 (a) que ordene a la Parte Demandada a que tome todos los pasos necesarios para eliminar las barreras arquitectónicas descritas anteriormente y para que sus instalaciones cumplan con los requisitos establecidos en la ADA y sus reglamentos de implementación, para que sus instalaciones sean totalmente accesibles a, y de forma independiente, por personas con movilidad limitada, y que además ordene que el tribunal retendrá jurisdicción por un período para supervisar que la Parte Demandada cumpla con los requisitos relevantes de la ADA y para asegurarse de que la Parte Demandada haya adoptado y siga una política institucional que de hecho haga que la Parte Demandada permanezca totalmente en cumplimiento con la ley;

C.   En caso de que la Parte Demandada continúe su condición discriminatoria, se solicita de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 que se ordene el cierre y clausura de la Propiedad como medida para detener la condición discriminatoria hasta tanto la Parte Demandada haya acreditado de manera fehaciente a satisfacción del tribunal que se ha eliminado el discrimen;

D.  Honorarios de abogado, costas, gastos de litigio, conforme a 42 USC § 12205.

E.  La provisión de cualquier otro remedio que sea justo, propio, en ley o equidad, que no haya sido expresamente solicitado pero que proceda como cuestión de derecho.

**SOMETIDO RESPETUOSAMENTE**.

Hoy 11 de mayo de 2022

**Velez Law Group LLC**
División Derechos Civiles

f/José Carlos Vélez Colón
Lic. José C. Vélez Colon
RUA 18913
Velez Law Group LLC
Condominio Midtown
421 Ave Muñoz Rivera #205
San Juan, PR 00918-3115
vlg@velezlawgroup.com
T.: (787)-254-8267

 Abogado de la Parte Demandante

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMON**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM: BY2022CV02408** |
| **Parte Demandante** | |
| v. | |
| **SERITAGE KMT FINANCE LLC; CARIBBEAN RETAIL VENTURES, INC.; FULANOS DE TAL 1-100** | **SOBRE: PETICIÓN DE ORDEN; DAÑOS** |
| **Parte Demandada** | |

## MOCIÓN AL EXPEDIENTE JUDICIAL EN SOLICITUD DE EXPEDICIÓN EMPLAZAMIENTO

**AL HONORABLE TRIBUNAL:**

COMPARECE, Faustino Xavier Betancourt Colón representado por el abogado que suscribe y muy respetuosamente, solicita la expedición de los proyectos de emplazamientos que se acompañan.

**RESPETUOSAMENTE SOMETIDO.**

**Fechado**: 11 de mayo de 2022.

**Velez Law Group LLC**
División Derechos Civiles

f/José Carlos Vélez Colón
Lic. José C. Vélez Colon
RUA 18913
Velez Law Group LLC
Condominio Midtown
421 Ave Muñoz Rivera #205
San Juan, PR 00918-3115
VLG@velezlawgroup.com
T.: (787)-254-8267

Abogado de la Parte Demandante

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMON**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br><br>**Parte Demandante**<br><br>v.<br><br>**SERITAGE KMT FINANCE LLC; CARIBBEAN RETAIL VENTURES, INC.; FULANOS DE TAL 1-100**<br><br>**Parte Demandada** | **CIVIL NÚM: BY2022CV02408**<br><br><br><br>**SOBRE: PETICIÓN DE ORDEN; DAÑOS** |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

**A:**

# CARIBBEAN RETAIL VENTURES, INC.

DIRECCIÓN: 14 Gautier Benitez Caguas, PR 00725

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN, PUERTO RICO, 00918-4015 |
| | Tel: (787)-254-8267 |
| Correo Electrónico: | VLG@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el _____ de _____ de _____ .

Sello del Tribunal

_____
Nombre del (de la)
Secretario(a) Regional

Por: _____
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

**PRUEBA DEL DILIGENCIAMIENTO**

**NUM.: DE CASO: BY2022CV02408**
Faustino Xavier Betancourt Colón V. Seritage KMT Finance LLC Y Otros

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **DEMANDA (**en adelante, **"DEMANDA")** en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:** _____

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**DECLARACION DEL DILIGENCIANTE**
**(ANTE LA SECRETARIA DEL TRIBUNAL)**

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de _____ del año **2022**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2022.

_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMON**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM: BY2022CV02408** |
| **Parte Demandante** | |
| v. | |
| **SERITAGE KMT FINANCE LLC; CARIBBEAN RETAIL VENTURES, INC.; FULANOS DE TAL 1-100** | **SOBRE: PETICIÓN DE ORDEN; DAÑOS** |
| **Parte Demandada** | |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

**A:**

# SERITAGE KMT FINANCE LLC

DIRECCIÓN: 9410 Los Romeros Ave. Montehiedra Town Center SAN JUAN, PR 00926

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN, PUERTO RICO, 00918-4015 |
| | Tel: (787)-254-8267 |
| Correo Electrónico: | VLG@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el _____ de _____ de _____ .

Sello del Tribunal

_____
Nombre del (de la)
Secretario(a) Regional

Por: _____
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

**PRUEBA DEL DILIGENCIAMIENTO**

**NUM.: DE CASO:   BY2022CV02408**
Faustino Xavier Betancourt Colón V. Seritage KMT Finance LLC yOtros

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **DEMANDA (**en adelante, **"DEMANDA")** en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1.  **FECHA** y hora del diligenciamiento: _____.

2.  **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:



3.  **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4.  **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5.  **FIRMA DEL DILIGENCIANTE:** _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**DECLARACION DEL DILIGENCIANTE**
**(ANTE LA SECRETARIA DEL TRIBUNAL)**

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de_____ del año **2022**.


_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2022.


_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE  Bayamón**
SALA SUPERIOR DE  Bayamón

| | | |
|---|---|---|
| FAUSTINO XAVIER BETANCOURT COLON | CASO NÚM. | BY2022CV02408 (SALÓN 503) |
| VS | | |
| SERITAGE KMT FINANCE LLC Y OTROS | SOBRE: | PETICIÓN DE ORDEN |

## NOTIFICACIÓN

A:   JOSÉ CARLOS VÉLEZ COLÓN
     VLG@VELEZLAWGROUP.COM

El (La) Secretario(a) que suscribe certifica y notifica a usted que con relación al(a la) MOCIÓN DE  ESCRITO AL EXPEDIENTE JUDICIAL  [2] este Tribunal emitió una ORDEN el 11 de mayo de 2022.

Se transcribe la determinación a continuación:
1. TODA VEZ QUE DE LA PROPIA DEMANDA SURGE QUE LA CAUSA DE ACCION PRESENTADA ES PARA QUE SEA TRAMITADA COMO UN INTERDICTO PERMANENTE, SE LE ORDENA A SECRETARIA LA EXPEDICION DEL EMPLAZAMIENTO.
2. LA PARTE DEMANDANTE TENDRA EL TERMINO DISPUESTO POR LAS REGLAS DE PROCEDIMIENTO CIVIL PARA EL DILIGENCIAMIENTO DE EMPLAZAMIENTOS.
3. ESTE ASUNTO SE ATENDERA COMO UN PROCEDIMIENTO ORDINARIO.

NOTIFIQUESE URGENTE

[3]

                                    f/MARÍA ELENA PÉREZ ORTIZ

SE LE ADVIERTE que al ser una parte o su representante legal en el caso sujeto a esta ORDEN, usted puede presentar un recurso de apelación, revisión o certiorari de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento.

CERTIFICO que la determinación emitida por el Tribunal fue debidamente registrada y archivada hoy 11 de mayo de 2022, y que se envió copia de esta notificación a las personas antes indicadas, a sus direcciones registradas en el caso conforme a la normativa aplicable. En esta misma fecha fue archivada en autos copia de esta notificación.

En  Bayamón, Puerto Rico, a 11 de mayo de 2022.

| | |
|---|---|
| LAURA I. SANTA SANCHEZ | Por:   f/IVETTE M. MARRERO  BRACERO |
| Nombre del (de la) Secretario(a) Regional | Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal |

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMON**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM: BY2022CV02408** |
| Parte Demandante | |
| v. | |
| **SERITAGE KMT FINANCE LLC; CARIBBEAN RETAIL VENTURES, INC.; FULANOS DE TAL 1-100** | **SOBRE: PETICIÓN DE ORDEN; DAÑOS** |
| Parte Demandada | |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:

# SERITAGE KMT FINANCE LLC

DIRECCIÓN: 9410 Los Romeros Ave. Montehiedra Town Center SAN JUAN, PR 00926

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN, PUERTO RICO, 00918-4015 |
| | Tel: (787)-254-8267 |
| Correo Electrónico: | VLG@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el ⎯11⎯ de ⎯mayo⎯ de ⎯2022⎯.

LCDA. LAURA I. SANTA SANCHEZ
Secretaria Regional
Nombre del (de la)
Secretario(a) Regional

IVETTE M. MARRERO BRACERO
Secretaria Auxiliar del Tribunal I

Por: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

D020

**PRUEBA DEL DILIGENCIAMIENTO**

**NUM.: DE CASO:    BY2022CV02408**
Faustino Xavier Betancourt Colón V. Seritage KMT Finance LLC yOtros

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **DEMANDA** (en adelante, **"DEMANDA")** en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:** _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**DECLARACION DEL DILIGENCIANTE**
**(ANTE LA SECRETARIA DEL TRIBUNAL)**

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de _____ del año **2022**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2022.

_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMON**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br><br>**Parte Demandante**<br><br>v.<br><br>**SERITAGE KMT FINANCE LLC; CARIBBEAN RETAIL VENTURES, INC.; FULANOS DE TAL 1-100**<br><br>**Parte Demandada** | **CIVIL NÚM: BY2022CV02408**<br><br><br><br>**SOBRE: PETICIÓN DE ORDEN; DAÑOS** |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:

# CARIBBEAN RETAIL VENTURES, INC.

DIRECCIÓN: 14 Gautier Benitez Caguas, PR 00725

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN, PUERTO RICO, 00918-4015 |
| | Tel: (787)-254-8267 |
| Correo Electrónico: | VLG@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el ___11___ de ___Mayo___ de ___2022___.

LCDA. LAURA I. SANTA SÁNCHEZ
Secretaria Regional
Nombre del (de la)
Secretario(a) Regional

IVETTE M. RAMALFO BRACERO
Secretaria Auxiliar del Tribunal

Por: _____

Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

D020

## PRUEBA DEL DILIGENCIAMIENTO

### NUM.: DE CASO: BY2022CV02408

Faustino Xavier Betancourt Colón V. Seritage KMT Finance LLC Y Otros

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **DEMANDA** (en adelante, **"DEMANDA"**) en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:** _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DECLARACION DEL DILIGENCIANTE
### (ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de _____ del año **2022**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2022.

_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMON**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CASO NÚM.: BY2022CV02408** |
| **Parte Demandante** | |
| v. | **SOBRE: DAÑOS; PETICIÓN DE ORDEN** |
| **SERITAGE KMT FINANCE LLC; CARIBBEAN RETAIL VENTURES, INC.; FULANOS DE TAL 1-100** | |
| **Parte Demandada** | |

**MOCIÓN AL EXPEDIENTE JUDICIAL**

**AL HONORABLE TRIBUNAL:**

Comparece la Parte Demandante, Faustino Xavier Betancourt Colón a través de la representación legal que suscribe. Por medio del presente adjunta: Prueba de Diligenciamiento de Emplazamiento en cuanto a la Parte Codemandada: **SERITAGE KMT FINANCE LLC**.

Fecha de diligenciamiento: 23 de mayo de 2022. Véase **ANEJO A.**

**CERTIFICO** haber presentado este documento a través del sistema SUMAC, que notificará a todos los abogados de récord.

**RESPETUOSAMENTE SOMETIDO.**

Hoy, 1 de junio de 2022.

**Velez Law Group LLC**
División de Derechos Civiles

f/José Carlos Vélez Colón
Lic. José C. Vélez Colon
RUA 18913 Velez Law Group LLC
Condominio Midtown
421 Ave Muñoz Rivera #205
San Juan, PR 00918-3115
VLG@velezlawgroup.com
T.: (787) 254-8267

Abogado de la Parte Demandante

1

## ANEJO A

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMON**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM: BY2022CV02408** |
| **Parte Demandante** | |
| v. | |
| **SERITAGE KMT FINANCE LLC; CARIBBEAN RETAIL VENTURES, INC.; FULANOS DE TAL 1-100** | **SOBRE: PETICIÓN DE ORDEN; DAÑOS** |
| **Parte Demandada** | |

### EMPLAZAMIENTO

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:
**SERITAGE KMT FINANCE LLC**
DIRECCIÓN: 9410 Los Romeros Ave. Montehiedra Town Center SAN JUAN, PR 00926

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN, PUERTO RICO, 00918-4015 |
| | Tel: (787)-254-8267 |
| Correo Electrónico: | VLG@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el ___11___ de ___mayo___ de ___2022___.

LCDA. LAURA I. SANTA SANCHEZ
Nombre del (de la)
Secretario(a) Regional

Por: IVETTE M. MARRERO BRACERO
Secretaria Auxiliar del Tribunal
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

RECEIVED
MAY 23 2022
REICHARD & CALAF P.S.C.

BY2022CV02408 01/06/2023 01:28:19 pm Entrada Núm. 7 Página 2 de 2
Case 3:22-cv-01380-WGY Document 1-3 Filed 07/29/22 Page 27 of 30

BY2022CV02408 11/05/2022 12:37:33 am Entrada Núm. 2 Página 2 de 2

## PRUEBA DEL DILIGENCIAMIENTO

**NUM.: DE CASO: BY2022CV02408**
Faustino Xavier Betancourt Colón V. Seritage KMT Finance LLC yOtros

Yo, _Gabriel Santana_ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **DEMANDA** (en adelante, **"DEMANDA"**) en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _23 - mayo - 2022_ .

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:
   _301 San Francisco ST. San Juan P.R_
   _0 0901_

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**
   _Lic. Federico Calaf p/c CT Corp System_
5. **FIRMA DEL DILIGENCIANTE:** _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
### DECLARACION DEL DILIGENCIANTE
### (ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _Carolina_ , Puerto Rico,

hoy día _25_ de _Mayo_ del año **2022**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _Gabriel Santana_ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_Lic. 6989367_

En _Carolina_, Puerto Rico hoy _25_ de _Mayo_ de 2022.

**Lcda. Marilyn Aponte Rodríguez**
**Secretaria Regional**
**FUNCIONARIO AUTORIZADO**

_Myrna Liz Llanos Roldán_
Secretaria del Tribunal Confidencial II



Sello

$120
05/24/2022
$5.00
Sello de Rentas Internas
80915-2022-0524-16962156

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMON**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br>**Parte Demandante**<br><br>v.<br><br>**SERITAGE KMT FINANCE LLC;**<br>**CARIBBEAN RETAIL VENTURES, INC.; FULANOS DE TAL 1-100**<br>**Parte Demandada** | **CASO NÚM.: BY2022CV02408**<br><br><br>**SOBRE:**<br>**PETICIÓN DE ORDEN** |

**MOCIÓN INFORMATIVA**

**AL HONORABLE TRIBUNAL:**

Comparece la Parte Demandante, Faustino Xavier Betancourt Colón a través de la representación legal que suscribe, y respetuosamente somete prueba de diligenciamiento del emplazamiento en cuanto a:

1. Caribbean Retail Ventures Fecha de diligenciamiento: 13 de julio de 2022.

Véase **ANEJO A.**

**CERTIFICO** haber presentado este escrito a través de la plataforma SUMAC, que a su vez notificará a todos los abogados de récord.

**SOMETIDO RESPETUOSAMENTE**.

Hoy 15 de julio de 2022

**Vélez Law Group LLC**
División Derechos Civiles
f/José Carlos Vélez Colón
Lic. José C. Vélez Colon
RUA 18913
Velez Law Group LLC
Condominio Midtown
421 Ave Muñoz Rivera #205
San Juan, PR 00918-3115
vlg@velezlawgroup.com
Teléfono: (787)-254-8267

**Abogado de la Parte Demandante**

1

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE BAYAMON

| | |
|---|---|
| FAUSTINO XAVIER BETANCOURT COLÓN | CIVIL NÚM: BY2022CV02408 |
| Parte Demandante | |
| v. | |
| SERITAGE KMT FINANCE LLC; CARIBBEAN RETAIL VENTURES, INC.; FULANOS DE TAL 1-100 | SOBRE: PETICIÓN DE ORDEN; DAÑOS |
| Parte Demandada | |

EMPLAZAMIENTO

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:

# CARIBBEAN RETAIL VENTURES, INC.

DIRECCIÓN: 14 Gautier Benitez Caguas, PR 00725

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los 30 días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

Nombre del Abogado: JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913)
Dirección: 421 AVE MUNOZ RIVERA, APT #205, SAN JUAN, PUERTO RICO, 00918-4015
Tel: (787)-254-8267
Correo Electrónico: VLG@VELEZLAWGROUP.COM

Expedido bajo mi firma y sello del Tribunal, el 11 de Mayo de 2022.

LCDA. LAURA I. SANTA SÁNCHEZ
Nombre del (de la)
Secretario Regional

IVETTE M. MARRERO CHRACERO
Por: Secretaria Auxiliar del Tribunal

Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

BY2022CV02408 15/07/2022 10:26:50 am Entrada Núm. 8 Página 2 de 2
Case 3:22-cv-01380-WGY Document 1-1 Filed 07/29/22 Page 30 of 30
BY2022CV02408 11/05/2022 12:37:33 am Entrada Núm. 2 Página 2 de 2

## PRUEBA DEL DILIGENCIAMIENTO

NUM.: DE CASO: BY2022CV02408

Faustino Xavier Betancourt Colón V. Seritage KMT Finance LLC Y Otros

Yo, _Gladys V. Mauras Colon_ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **DEMANDA** (en adelante, "DEMANDA") en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _13/julio/22    1:00 pm_

2. **LUGAR** o **DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta: _Carribean Retail Ventures INC. 14 Gautier Benitez Caguas, PR. 00725_

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:** _Katherine Collado_ _Asistente Administrativo_

5. **FIRMA DEL DILIGENCIANTE:** _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DECLARACION DEL DILIGENCIANTE
(ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

Y PARA QUE ASÍ CONSTE, suscribo la presente en _Caguas_, Puerto Rico, hoy día _13_ de _Julio_ del año 2022.

_____
FIRMA DEL EMPLAZADOR

Jurado y suscrito ante mí por _Gladys V. Mauras Colon_ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_ID de Obras Publicas : 6619593_

En _Amayo_, Puerto Rico hoy _13_ de _julio_ de 2022.

FUNCIONARIO AUTORIZADO

4FF: 17,768